MILLS vs. YOUNG and HALSTEAD.

An action will not lie in favor of a *sheriff* on a promissory note obtained by him under the threat of selling the property of a defendant in an execution, where at the time of such threat the sheriff was the owner of the judgment on which the execution issued, but keeps the fact concealed from the defendant.

A sheriff cannot execute *final process* in his own favor; and whether since the revised statutes he can serve a *capias ad respondendum* in his own favor, although no bail be required, *quere*.

THIS was an action of *assumpsit*, tried at the Washington circuit in November, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff claimed to recover on a promissory note, dated February 1, 1837, for $306,71, made by the defendant *Young*, and endorsed by the defendant *Halstead*, payable at the Whitehall Bank ninety days after date. The plaintiff was a deputy of the sheriff of Essex, and had in his hands, an execution in favor of one *Moore*, against the defendant Young, which he had neglected to levy, whereby Moore insisted he had made himself liable for the debt.   The plaintiff *on the 30th January, 1837,     [ *315 ] gave his own note to Moore for the amount, and took an assignment of the judgment.   On the first of February following he called on Young, and without telling him of the assignment, or that he had any inter-

est in the judgment, threatened to levy the execution and sell his property if it was not settled; whereupon the note in question was made and endorsed for the amount of the debt, Young paid the sheriff's fees on the execution, and the plaintiff made an endorsement that payment had been received in full, which he signed as deputy sheriff. The defendants moved for a nonsuit. The judge decided that the plaintiff was entitled to recover. A verdict was found for the plaintiff, which the defendants now move to set aside.

*A. C. Hand*, for defendants.

*O. Allen*, for plaintiff.

*By the Court,* BRONSON, J.   Although it was formerly held that a deputy sheriff might serve a *capias ad respondendum* in his own favor where no bail was required, *Bennett* v. *Fuller,* 4 *Johns. R.* 486, it is questionable whether he can do so now.  2 *R. S.* 441, § 84.   But whatever may be the rule in relation to *mesne* process, it is clear that the sheriff cannot execute *final* process in his own favor.   I find no authority for such a practice, and to allow it would be opening a wide door to abuse and oppression.

The note was obtained by fraud and unauthorized coercion.   The plaintiff concealed the fact that he came as the party in interest, and asserted the right, which he did not possess, of acting as a public officer.   He threatened to levy the execution and sell property if the debt was not settled, and took his fees on the execution.   The payment of a note obtained by such means ought not to be enforced.   The plaintiff must resort to such remedy as he may have on the judgment which has been assigned to him.

New trial granted.